REGAN MILLER,

  *Plaintiff*,

  v.

CITY OF MANASSAS PARK, et al.,

  *Defendants*.

Case No. 1:21-cv-00456

## **JOINT DISCOVERY PLAN**

Plaintiff Regan Miller, by his counsel, and Defendants, Mario Lugo, Frank Winston, Trevor Reinhart, Carl Dorr, and Laszlo Palko, by their counsel, hereby submit this Proposed Joint Discovery Plan in accordance with Fed. R. Civ. P. 26(f), Local Rule 26(A), and the Court's August 6, 2021 Scheduling Order (ECF No. 37). Counsel for the parties certify that they have conferred prior to the pretrial conference, currently set for August 25, 2021, to consider claims, defenses, possibilities of a prompt settlement or resolution of the case, trial before the magistrate judge, and to arrange for disclosures required by Federal Rule of Civil Procedure 26(a)(1), pursuant to Federal Rule of Civil Procedure 26(f) and the Scheduling Order.

1.  <u>Initial Disclosures:</u> The parties agree that they will produce the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before September 3, 2021.

2.  <u>Assignment to Magistrate Judge:</u> The parties do not consent to the jurisdiction of a magistrate judge at this time.

3.  <u>Settlement Possibility/Alternative Dispute Procedures:</u> At the present time, the parties have not reached a settlement, but the parties do not rule out the possibility of a future

settlement. In the event the parties believe that a judicial settlement conference conducted by the Magistrate Judge may be beneficial, the parties will contact the Court to request such judicial settlement conference.

4. <u>Discovery Plan</u>: The parties are not aware at this time of any facts that would require a change in the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's Scheduling Order. The Plaintiff and the Defendants agree to the following:

a) The parties agree that the scope of discovery shall be limited to those topics permissible under Rule 26(b).

b) In the event that a party needs or desires to propound more than thirty (30) interrogatories or take non-party, non-expert depositions exceeding the five (5) allowed under the Court's Scheduling Order, that party will file an appropriate motion seeking permission from this Court.

c) Pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule 26(D), Plaintiff shall identify his expert witnesses, if any, on or before October 8, 2021.

d) Pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule 26(D), Defendants shall identify their expert witnesses, if any, on or before November 8, 2021.

e) Pursuant to Local Rule 26(D), Plaintiff shall identify his rebuttal expert witnesses, if any, on or before November 22, 2021.

f) The mandatory disclosures required by Fed. R. Civ. P. 26(a)(2) shall be produced on the dates set forth in subparagraphs 4(c) through 4(e) above. The parties will reimburse the opposing party's experts for deposition testimony time at reasonable hourly rates, but not for preparation or travel expenses associated with the depositions.

g) All discovery shall be completed by Friday, December 10, 2021, as set forth in the Scheduling Order. All written discovery shall be served in time to assure that it is answered before the discovery period closes.

5. All dispositive motions shall be filed and heard at a time and date to be scheduled with the District Judge.

6. Additional Parties: The parties may join additional parties only in accordance with the applicable federal and local rules.

7. Preservation: Pursuant to Rule 26(f)(3)(C), Counsel for the Parties have discussed with their clients the obligation to preserve electronically stored information and other relevant information, including metadata, for the duration of the case.

8. Discovery of Electronically Stored Information: Regarding Rule 26(f)(3), the parties have discussed the production of electronically stored information ("ESI") and have agreed that, at the producing party's election, any production will be either in searchable, multi-page PDF format or in the format in which the ESI is kept in the ordinary course of business. All PDF documents produced shall bear a unique Bates number and each response to a document request shall reference the particular Bates number(s) of the document(s) responsive to the request. To the extent that information contained in ESI is or becomes relevant to the proceedings (*e.g.*, metadata, or other embedded information), the parties agree to confer in good faith to devise a plan to produce such ESI in a usable and convenient form which does not unduly burden the other party.

9. Inadvertent Disclosure: The parties agree to the following "claw back" provision:

a) The unintentional production of any document or other information subject to protection by the attorney-client or other applicable privilege and/or the work-product doctrine or by another legal privilege protecting such information/documents from

discovery shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party in writing of the unintentional production promptly after the producing party discovers the inadvertent production. In accordance with Federal Rule of Evidence 502, the attorney-client privilege or work-product protection shall not be waived by inadvertent disclosure in this litigation.

b)   Upon written notice of an unintentional production of a privileged document by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly first return the specified document and any hard copies the receiving party has (and destroy any copies which may remain) and may not use or disclose the information in any manner. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

c)   To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party discloses the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve the information until the claim is resolved.

d)   If any receiving party is in receipt of a document or information from a producing party that the receiving party has reason to believe was unintentionally produced by the producing party, the receiving party shall in good faith take reasonable steps to

notify the producing party of the production of that document so that the producing party may make a determination of whether such document was unintentionally produced.

e) The party returning or destroying any unintentionally produced documents may move the Court for an order compelling production of some or all of the documents/information to be returned or destroyed, but the fact that the documents were produced inadvertently shall not be deemed to be a waiver of any privilege or protection, shall not be a basis for compelling production, and the motion shall not include or reference the privileged contents of the unintentionally produced documents.

10. <u>Claims of Privilege or Protection of Trial Preparation Material</u>: The parties anticipate that they may need to file a Motion for Entry of a Joint Protective Order to protect certain confidential, personnel, financial, and personal information. The parties agree that any motion to file documents under seal must comply with Local Civil Rule 5.

11. <u>Privilege Logs</u>. Pursuant to Fed. R. Civ. P. 26(b)(5), the parties agree that they will assert claims of privilege/protection through the use of privilege logs, which shall describe the nature of the withheld document in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim of privilege. Any document production from which responsive documents are withheld based on privilege shall be accompanied by such relevant privilege log or by a statement identifying the date certain by which the log will be produced, which shall not be more than 14 calendar days after the document production. No party will be required to put on the privilege log privileged documents that chronicle communications on or after February 2, 2021.

12. <u>Email Service</u>: The parties agree that discovery requests, objections, responses, or other papers, including attachments, not served via ECF may be served on all counsel of record

via email. The parties agree that pleadings and papers served by ECF or by email shall be sufficient and there is no obligation or requirement to also serve by United States mail unless specifically requested by the receiving party.

13.     <u>Serving and Filing Pleadings</u>: Service and filing of pleadings or court papers in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing policies. The parties agree that the computation of time for all pleadings and notices served will follow Rule 6 of the Federal Rules of Civil Procedure, with the exception of one-week non-dispositive motions filed with the Court, which will adhere to the United States District Court for the Eastern District of Virginia's service and filing rules. The parties agree that for purposes of one-week non-dispositive motions, if the motion is filed by ECF no later than 5:00 p.m. the Friday before the hearing, any opposition will be due to the Court by ECF no later than 5:00 p.m. the Wednesday before the hearing, and any reply will be due to the Court as early as possible on the Thursday before the hearing.

14.     <u>Pretrial Conference</u>: The Parties request that this Court excuse their appearance at the Pretrial Conference scheduled for August 25, 2021 at 11:00 a.m.

Date: August 12, 2021

Respectfully submitted,

**Regan Miller**,
by Counsel

**Mario Lugo, Frank Winston, Trevor Reinhart, Carl Dorr, and Laszlo Palko**,
by counsel

    /s/ Clyde E. Findley
Clyde E. Findley, Esq. (VSB No. 48277)
  cfindley@berenzweiglaw.com
Andrew J. Smith, Esq. (VSB No. 81538)
  dsmith@berenzweiglaw.com
BERENZWEIG LEONARD, LLP
8300 Greensboro Drive, Suite 1250
McLean, Virginia 22102
(703) 760-0402 (telephone)
(703) 462-8674 (facsimile)

*Counsel for Regan Miller*

    /s/ Heather K. Bardot (by permission)
Heather K. Bardot, Esq. (VSB No. 37269)
  hbardot@bmhjlaw.com
Nicole L. Antolic, Esq. (VSB No. 93038)
  nantolic@bmhjlaw.com
BANCROFT, MCGAVIN, HORVATH & JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 (telephone)
(703) 385-1555 (facsimile)

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such electronic filing (NEF) to all counsel of record.

/s/ Clyde E. Findley

Clyde E. Findley VSB #48277
cfindley@berenzweiglaw.com
BERENZWEIG LEONARD LLP
8300 Greensboro Drive, Suite 1250
McLean, VA 22102
Telephone: (703) 760-0402
Facsimile: (703) 462-8674