IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| REGAN MILLER,<br><br>*Plaintiff*,<br><br>v.<br><br>MARIO LUGO and TREVOR REINHART,<br><br>*Defendants*. | Case No. 1:21-cv-00456 |

**PLAINTIFF'S MOTION FOR PRESUMED NONPECUNIARY DAMAGES**

Plaintiff Regan Miller respectfully moves the Court to modify the proposed Jury Instructions and Verdict Forms to state that once a malicious prosecution claim has been established, damages for disgrace, distress, and harm to reputation are *presumed* without further proof. Quotes from the following cases support this understanding:

*Binns v. Binns*, 2011 WL 5024407 (E.D. Va. 2011) ("In Virginia, [a] malicious prosecution plaintiff may recover non-pecuniary compensatory damages for 'insult, pain, humiliation, mental suffering, injury to the reputation, and the like.'" … Moreover, "damage to one's reputation is *presumed* in a malicious prosecution suit and no special proof of harm is required…") (citing *Bennett v. R & L Carriers Shared Services, LLC*, 744 F.Supp.2d 494, 534-35 (E.D. Va. 2010)) (emphasis added). (Attached as **Exhibit 1**.)

*Bennett v. R & L Carriers Shared Services, LLC*, 744 F.Supp.2d 494, 534-35 (E.D. Va. 2010) ("damage to one's reputation is *presumed* in a malicious prosecution suit and … no special proof of harm is required, so the proper award is left in the discretion of the jury.") (emphasis added). "Even where a 'verdict seems large, and is greater than [the Court] would have been

willing to assess had [it] been on the jury,' if the plaintiff is entitled to recover on his cause of action and the damages were 'supported by abundant proof,' the Court should not find the jury was actuated by passion, prejudice, or a mistaken view of the case." *Id*. (Attached as **Exhibit 2**.)

*Hampton v. Mathis*, 857 F.2d 1468 (4th Cir. 1988) ("once a malicious prosecution claim is established, damages for disgrace, distress, and harm to reputation are *presumed* without further proof") (citing *Spitzer v. Clatterbuck*, 121 S.E.2d 466, 470 (Va.1961)) (emphasis added). (Attached as **Exhibit 3**.)

*Spitzer v. Clatterbuck*, 121 S.E.2d 466, 470 (Va. 1961) ("Distress and harm to a person's reputation naturally result from a malicious prosecution. Such damages are known as general damages, are *presumed* in law, and no special proof of harm is required. The amount is left largely to the discretion of the jury, subject to a review when their discretion has been abused.") (emphasis added). (Attached as **Exhibit 4**.)

– The remainder of this page is left intentionally blank. –

## CONCLUSION

For the above reasons, Plaintiff Regan Miller respectfully moves the Court to modify the proposed Jury Instructions and Verdict Forms to state that once a malicious prosecution claim has been established, nonpecuniary damages flowing from disgrace, distress, and harm to reputation are presumed.

Respectfully submitted,

Date: May 8, 2022

/s/ Clyde E. Findley
Clyde E. Findley, Esq. (VSB #48277)
cfindley@berenzweiglaw.com
Andrew J. Smith, Esq. (VSB #81538)
dsmith@berenzweiglaw.com
BERENZWEIG LEONARD, LLP
8300 Greensboro Drive, Suite 1250
McLean, Virginia 22102
(703) 760-0402 (telephone)
(703) 462-8674 (facsimile)

*Counsel for Regan Miller*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such electronic filing (NEF) to all counsel of record.

    /s/ Clyde E. Findley
Clyde E. Findley VSB #48277
cfindley@berenzweiglaw.com
BERENZWEIG LEONARD LLP
8300 Greensboro Drive, Suite 1250
McLean, VA 22102
Telephone: (703) 760-0402
Facsimile: (703) 462-8674