2011 WL 5024407

2011 WL 5024407
Only the Westlaw citation is currently available.
United States District Court, E.D. Virginia,
Norfolk Division.

Robert S. BINNS, Plaintiffs,

v.

Brianna BINNS, et al., Defendants.

No. 2:10CV428.
|
Sept. 28, 2011.

**Attorneys and Law Firms**

Shannon Lee Hadeed, Stallings & Bischoff PC, Virginia
Beach, VA, for Plaintiffs.

*MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION*

DOUGLAS E. MILLER, United States Magistrate Judge.

**\*1** On July 27, 2011, Robert S. Binns ("Plaintiff") filed
a motion for default judgment against Brianna Binns and
Bonnie Lee Faucher ("Defendants") on Plaintiff's claims for
malicious prosecution. (ECF No. 34). On August 17, 2011,
the motion was referred to the undersigned for a Report and
Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal
Rule of Civil Procedure 72(b). (ECF No. 35). Plaintiff seeks
damages of $70,000 plus costs and reasonable attorney's fees.
He attached six exhibits, including affidavits from himself
and from his attorney, to describe and establish his right
to damages. (ECF Nos. 34–1 to 34–6). On September 13,
2011 the Court held an evidentiary hearing. Shannon Hadeed,
Esq. and Jonathan Stone, Esq. appeared on behalf of the
Plaintiff. Neither defendant was present. The official court
reporter was Jody Stewart. For the reasons set forth below,
the undersigned recommends GRANTING Plaintiff's Motion
for Default Judgment and awarding damages in the amount
of $70,000 plus $14,387.50 for attorney's fees.

**A. *Procedural History***
This case was originally filed in Southhampton Circuit
Court as an action against Brianna Binns, Bonnie Lee
Faucher, ("Faucher") and Tracy Storck ("Storck"). The state

complaint alleged malicious prosecution and conspiracy to
injure reputation, trade, business, or profession, in violation
of Virginia State Code § 18.2–499. Storck filed for removal
based on diversity jurisdiction, Brianna Binns consented to
the removal, and the case was removed to this Court on
August 26, 2010. (ECF No. 1). At the time of removal,
Faucher had not been found, nor served with the summons for
the case in state court. (ECF No. 19).

On October 8, 2010, Plaintiff filed a motion to amend his
complaint. (ECF No. 15). His proposed amended complaint
purported to reduce the amount in controversy by reducing
the claimed damages from $100,000 to $70,000, omitting the
conspiracy count against all three defendants. The Complaint
also added details of Storck's involvement. (ECF No. 15–
1). Storck objected to the motion to amend alleging that
Plaintiff sought to amend only to reduce his *ad damnum*
in order to defeat diversity jurisdiction. (ECF. No. 17).
In a Memorandum Order granting leave to amend, Judge
Rebecca Beach Smith noted that, as Plaintiff had not sought
remand, Defendants' opposition was premature. The Court
noted that federal jurisdiction is not necessarily eliminated
when the amount sought in post-removal amended pleadings
falls below $75,000.[1] *Hatcher v. Lowe's Home Centers Inc.*
718 F.Supp.2d 684, 687 (E.D.Va.2010); (ECF No. 20 at 5–
6). Thus, Plaintiff was granted leave to amend and federal
jurisdiction over the claim was retained.

On October 26, 2010, Plaintiff filed his amended complaint.
(ECF No. 21). Storck answered on November 1, 2010. (ECF
No. 23). Plaintiff served his amended complaint on both
Brianna Binns and Faucher on November 15, 2010. (ECF
Nos. 21, 22). Plaintiff's amended complaint states that the
amount in controversy does not exceed $75,000, and purports
to reserve jurisdiction to the Virginia Circuit Court. (ECF
No. 21). However, Plaintiff never moved to remand the
case, and the Court retained the federal jurisdiction that was
present at the time of removal. (Mem. Order, ECF No. 20;
*see Hatcher,* 718 F.Supp.2d at 687). Defendants Brianna
Binns and Faucher were served with a summons from this
Court, and therefore had notice, that although the amended
complaint asserted an amount in controversy below $75,000,
the case remained in federal court. (ECF No. 25). Moreover,
Brianna Binns consented to the removal prior to service of the
amended complaint. (ECF No. 3).

**\*2** Plaintiff and Storck reached a settlement (ECF No.
27), and on February 11, 2011, the Court entered an Order
dismissing Storck: with prejudice. (ECF No. 28). Neither

2011 WL 5024407

Bianna Binns nor Faucher have filed a responsive pleading or entered an appearance, and the Clerk entered default against them on April 11, 2011. (ECF No. 31). Plaintiff filed the Motion for Default Judgment with supporting documents and affidavits on July 27, 2011 (ECF No. 34).

### B. *Background*

Under Fed.R.Civ.P. 55(a), default is appropriate when defendants have failed to plead or otherwise defend against an action. Well-plead facts in the complaint are deemed admitted, and the appropriate inquiry for the Court is whether the facts as alleged state a claim. Fed.R.Civ.P. 8(b)(6); *Globalsantafe Corp. v. Globalsantafe.Com,* 250 F.Supp.2d 610, 612 n. 3 (E.D.Va.2003) (citing *Anderson v. Foundation for Advancement, Educ. and Employment of American Indians,* No. CA–94–57–A, 1999 WL 598860 at *1 (4th Cir. Aug. 10, 1999)).

To succeed on a claim for malicious prosecution under Virginia law, Plaintiff must prove that the prosecution was; (1) malicious, (2) instituted by or with the cooperation of the defendant, (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff. *Masterson v. Ihara,* No. 1:10–cv–00445, 2011 W.L. 3562957, at *1 (4th Cir. Aug. 15, 2011) (citing *Reilly v. Shepherd,* 643 S.E.2d 216, 218 (Va.2007)). In Virginia, "In the context of a malicious prosecution action, probable cause is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Andrews v. Ring,* 585 S.E.2d 780, 786 (Va.2003).

In this case, the defendants' default establishes the facts alleged against them. Brianna Binns and Faucher conspired to bring false charges against Plaintiff as a tactic to gain custody over Robert and Brianna Binns' two children. On April 13, 2009, Brianna Binns and Faucher reported to Fanklin City Police that Plaintiff had attempted to suffocate their three week old son with a pillow on two separate occasions. (Compl., ECF No. 21 at 4). Based on the information, two felony warrants were issued for Plaintiff's arrest. (ECF No. 34–1). A report was also made to Child Protective Services. (Compl., ECF No. 21 at 4–5). Plaintiff was arrested and held in jail for approximately six hours. *Id.* at 5. Faucher then initiated a request for an emergency *pendent lite* hearing to gain immediate custody of the two children as their great-grandmother. She was granted temporary custody on April 16, 2009. (Compl., ECF No. 21 at 5; Exhibit C, ECF No. 21–3).

A recording of Brianna Binns admitting that the charges were false and a tactic to gain custody of their children, was presented to the Commonwealth's Attorney assigned to Plaintiff's case. (Towey Decl., ECF 34–3 at 2). Both of Plaintiff's charges were subsequently dismissed at his preliminary hearing. *Id.* In addition, the report to Child Protective Services was deemed unfounded. (Compl., ECF No. 21 at 6; Exhibit D, ECF No. 21–4). On September 30, 2009, Plaintiff was granted joint legal, and primary physical custody of his and Brianna Binns' two children. (Compl., ECF No. 21 at 6).

**\*3** At the time the charges were pending Brianna Binns also reported the alleged incidents to Plaintiff's Coast Guard employer. (Compl., ECF. No. 21 at 5). Plaintiff, who intends to pursue a career with the Coast Guard, began fighting discharge proceedings. *Id.* at 6. As a result of the charges, he was issued a military protective order that restricted him to the base and from deploying with his ship. (Pl. Binns Decl., ECF No. 34–2 at 3; Exhibit B, ECF No. 21–2). He was unable to see his children from May 11, 2009 to September 30, 2009. (Pl. Binns Decl., ECF No. 34–2 at 4). His arrest and the allegations against him were published in the "Tidewater News." (Compl., ECF No. 21 at 6).

It is evident from the admitted allegations in the Complaint and from Plaintiff's testimony at the hearing, that he has satisfied the elements necessary for entry of default judgment against Brianna Binns and Faucher. The charges brought against Plaintiff were motivated by an intent to gain custody of their two children. Brianna Binns and Faucher conspired to pursue the charges—Faucher even gained temporary custody of the children at one point during the allegations. The charges were entirely fabricated as admitted by Brianna Binns, and confirmed by Child Protective Services' report. Finally, the action was ultimately dismissed, a result not unfavorable to Plaintiff. *See Bennett v. R & L Carriers Shared Services, LLC,* 744 F.Supp.2d 494, 535 (E.D.Va., 2010) (citing *Niese v. Klos,* 222 S.E.2d 798, 800 (Va.1976) (entry of *Nolle prosequi* is a result not unfavorable to plaintiff for the purposes of instituting a malicious prosecution action.)). Therefore, the undersigned recommends the Court enter default judgment against both defendants.

### C. *Damages*

Under Virginia law, "[d]amages need not be established with mathematical certainty. Rather, a plaintiff is required only to furnish evidence of sufficient facts to permit the trier of fact to make an intelligent and probable estimate of the damages

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 5024407

sustained. *Estate of Taylor v. Flair Property Associates,* 448 S.E.2d 413, 414 (Va.1994) (citing *Bulala v. Boyd,* 389 S.E.2d 670, 677 (Va.1990); *Thomas P. Harkins, Inc. v. Reynolds Assocs.,* 277 S.E.2d 222, 224 (Va.1981); *Gwaltney v. Reed,* 84 S.E.2d 501, 502 (Va.1954)).

At the time of* this incident, Plaintiff was a Petty Officer Third Class with a pay grade of E–4 earning $1,921 per month. (*Id .;* ECF No., 34–6 at 2). He had been a member of the Coast Guard for two years, and plans to serve at least twenty years total. At the time, he was eligible to promote to E–5 which would have increased his monthly salary to $2,126. However, as a result of the charges, he was unable to promote, and from April 11, 2009 to June 1, 2011, he remained an E–4. (Pl. Binns Decl., ECF No. 34–2 at 3). Additionally, since Plaintiff was unable to deploy, he was deprived of six months of "sea pay,"—an amount of $150 per month, a total of $900, that he would have earned while deployed with his ship. *Id.* Moreover, his sea pay would have increased had been promoted to E–5 during that time.

 **\*4** Michael Alan, Plaintiff's supervisor in the Coast Guard, testified at the hearing that the pending criminal charges were the only obstacles preventing Plaintiff from promoting. He further noted that the deficit Plaintiff incurred by failing to promote would remain throughout his Coast Guard career. That is to say, once Plaintiff was held behind in the promotion cycle, there is no method by which he could skip ranks or accelerate his eligibility schedule to make up for the delayed promotion. He can now continue to promote incrementally, but cannot compensate for the period in which he was held behind based on the false criminal charges against him: Had he promoted as scheduled, he would have received a minimum $205 pay differential per month for the next eighteen years—a total of $44,280.

Plaintiff also incurred significant legal costs. Following his arrest, his bond was set at $10,000 with a nonrefundable $1,000 bail. (Pl. Binns Decl., ECF No. 34–2 at 4). He paid his attorney a $1,500 flat fee for defense on the two criminal charges, and an additional $3,500 for his custody case. (Towey Decl., ECF No. 34–3).

Finally, the Plaintiff spent much of 2009 dealing with the criminal allegations. He suffered significant embarrassment and humiliation both in his employment and community. He lost time with his young children. In Virginia, "A malicious prosecution plaintiff may recover non-pecuniary compensatory damages for 'insult, pain, humiliation, mental suffering, injury to the reputation, and the like.' " *Bennett,* 744 F.Supp.2d at 535 (citing *Weatherford v. Birchett,* 158 Va. 741, (1932)). Moreover, "damage to one's reputation is presumed in a malicious prosecution suit and no special proof of harm is required ..." *Bennett,* 744 F.Supp.2d at 534–35. Thus, the undersigned finds that Plaintiff's compensatory damages have been established with reasonable certainty and recommends granting Plaintiff a sum of $50,000 in compensatory damages.

Additionally, under Virginia law, a prevailing party in a malicious prosecution case may recover attorney's fees. *Carlson v. Wells,* 705 S.E.2d 101, 109 (Va.2011) (citing *Burruss v. Hines,* 26 S.E. 875, 878 (Va.1897); *Bolton v. Vellines,* 26 S.E. 847, 850 (Va.1897). Plaintiff's legal costs for this case total $14,387.50. (Hadeed Decl., ECF No. 38–1 at 2). Therefore, in accordance with Virginia law, the undersigned recommends granting $14,387.50 in attorney's fees.

Finally, the undersigned recommends that punitive damages be granted in this case. Under Virginia law, punitive damages may be awarded if it is demonstrated by clear and convincing evidence that the defendants acted with actual or express malice. *Stamathis v. Flying J, Inc.,* 389 F.3d 429, 439 (4th Cir.2004) (citing *Williams v. Garrahty,* 455 S.E.2d 209 (1995)). Actual malice is defined as "conduct which is in conscious disregard of the rights of others and is wanton and oppressive...." *Nat'l Carloading Corp. v. Astro Van Lines, Inc.,* 593 F.2d 559, 565 (4th Cir.1979). It "may be established by showing that [the initiator's] action was prompted by ill will, malevolence, grudge, spite, wicked intention, or a conscious disregard of the rights of another." *Bennett,* 744 F.Supp.2d at 526 (citing *Lee v. Southland Corp.,* 244 S.E.2d 756, 759 (Va.1978).

 **\*5** The facts of this case demonstrate conduct which is wanton and oppressive, and in conscious disregard of Plaintiff's rights. Brianna Binns and Faucher fabricated serious charges against Plaintiff which profoundly impacted his family, career and reputation. They took these actions with the intent to create this hardship, and without regard to the effects it would have on Plaintiff's life. Therefore, the undersigned recommends awarding Plaintiff punitive damages, in the amount he requested, of $20,000.

### D. *Conclusion*

The undersigned therefore recommends the Court grant Plaintiff's Motion for Default Judgment and awarding damages in the amount of $70,000 plus $14,387.50 for attorney's fees.

2011 WL 5024407

**E.** *REVIEW PROCEDURE*

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn,* 474 U.S. 140 (1985); *Carr v. Hutto,* 737 F.2d 433 (4th Cir.1984); *United States v. Schronce,* 727 F.2d 91 (4th Cir.1984).

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 5024407

Footnotes

1    Judge Smith also noted that she did not render the *Hatcher* opinion, and was not bound thereby.

**End of Document**                                               © 2022 Thomson Reuters. No claim to original U.S. Government Works.